IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRAVIS WILLIAMS, #B67417** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **SHERRY BENTON,** | ) |
| **GINA FEAZEL,** | ) |
| **BRAD J. ROBERT,** | )  **CIVIL NO.11-566-GPM** |
| **ROBERT HILLIARD,** | ) |
| **DEWAYNE EDLER,** | ) |
| **MARK BECKMAN,** | ) |
| **VENERIO SANTOS,** | ) |
| **KIM MARLOW,** | ) |
| **LYNETTE COLVIS, and** | ) |
| **UNKNOWN PARTY,** | ) |
| | ) |
|     **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

  Plaintiff Williams brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 based on incidents that occurred while he was housed at Centralia Correctional Center ("Centralia"). At the time his complaint was filed, Plaintiff was serving a six year sentence for burglary and vehicle theft, and three years for assault of a correctional officer.[1] This case is now

---

[1] According to the website of the Illinois Department of Corrections, Plaintiff was released on parole on July 11, 2012. *Offender Search: Inmate Search*, ILLINOIS DEPARTMENT OF CORRECTIONS, http://www2.illinois.gov/IDOC/OFFENDER/Pages/InmateSearch.aspx (last visited Jul. 19, 2012).

before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

The following allegations are taken from Plaintiff's *pro se* complaint (Doc. 1).

Defendant Dr. Venerio Santos prescribed Plaintiff high blood pressure medication, Enaril, which caused side effects such as constipation, coughing, and headaches. Dr. Santos also prescribed high blood pressure medication hydrodiuril, which gave Plaintiff headaches, an upset stomach, and as a result required Plaintiff to take Prilosec regularly. Finally, Dr. Santos prescribed cholesterol medication that caused Plaintiff to experience excessive gas, dizziness, upset stomach, occasional high fever, and weakness.

Plaintiff asked Dr. Santos to prescribe vitamins and A & D ointment. Dr. Santos refused, informing Plaintiff these items could be purchased at the commissary. Plaintiff had several rashes while he was housed at Centralia. While Plaintiff was at Dixon Correctional Center, Plaintiff had a prescription for the ointment. Plaintiff's medication caused vomiting, which is why Plaintiff needed the vitamins.

Plaintiff experienced foot pain in October 2009 and underwent surgery on his right foot to remove a growth. Dr. Santos prescribed only ibuprofen for the pain. He refused to order an insole to alleviate Plaintiff's pain.

Plaintiff also injured his shoulder, left bicep, and left elbow while working out. Dr. Santos informed Plaintiff he had a torn tendon. Plaintiff "was forced to come back and forth" from the infirmary due to the pain in his arm for ninety days (Doc. 1, p. 4). Finally, after filing a grievance, Plaintiff saw an orthopedic specialist who told Plaintiff he needed surgery the next day. Yet due to

"another process which [Plaintiff did not] know of," Plaintiff did not receive surgery for another week(Doc. 1, p. 4).

After the surgery, Plaintiff learned his tendon had been two inches too short and the surgeon had stretched the tendon to reattach it. Plaintiff required physical therapy, but never received any therapy. When Plaintiff returned to the orthopedic surgeon, the surgeon advised Plaintiff to try working out and doing two arm exercises. However, the exercises caused Plaintiff's arm and shoulder to hurt. Unnamed staff prevented Plaintiff from returning to the orthopedic surgeon.

Plaintiff entered into a "false contractual agreement" with Defendant Gina Feazel, which hindered Plaintiff's ability to file grievances (Doc. 1, p. 4). Feazel told Plaintiff if he did not proceed with a lawsuit about law library supplies for indigent inmates, she would provide Plaintiff a television, a hot pot, and a fan. In October 2010, Feazel and Defendant Warden Robert Hilliard told Plaintiff if he withdrew several grievances, then the issues complained of would improve. Warden Hilliard left Centralia after making the agreement.

Feazel also threatened Plaintiff, wrote false interdisciplinary report (IDR) tickets on Plaintiff, and took his television. Plaintiff had to refrain from filing grievances for six months to recover the television. Plaintiff appealed to Defendant Brad J. Robert, and asked for his grievances be assigned to a different officer. However, Robert instead assigned Feazel as Plaintiff's counselor, giving her access to all of Plaintiff's grievances.

Defendant Sherry Benton, who oversees and investigates inmate grievances, failed to grant Plaintiff's requested relief. Defendant Kim Marlow also hindered Plaintiff's ability to file grievances.

Defendant Dewayne Edler is employed as part of the clothing room service, and handles the issuance of indigent bag contents. Edler failed to provide adequate hygiene products to Plaintiff, which forced Plaintiff to sell items from his food tray to acquire certain products.

Plaintiff is indigent and thus exempt from paying medical and dental co-payments, but Defendant Mark Beckman charged Plaintiff's account for these payments. Beckman also charged a total of $260.00 to Plaintiff's trust fund account over a period of fourteen months for a restitution payment, and continues to wrongly charge Plaintiff's account.

Additionally, Defendant Lynette Colvis sent false information from Menard Correctional Center ("Menard") about money Plaintiff owed. Colvis stated Plaintiff owed Menard $197.39, which caused Plaintiff's account to be wrongly charged. Plaintiff never caused any damage at Menard or received a disciplinary hearing on the matter.

Plaintiff seeks a declaration that the acts and omissions described above violated his constitutional rights. He seeks preliminary and permanent injunctions for Defendants to cease the wrongful activities described above and grant him his requested medical care. Finally, Plaintiff requests compensatory damages, costs of litigation, another television, a jury trial, and any other relief the court might deem appropriate.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Deliberate Indifference**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000) (internal citations omitted).

It is well settled law in the Seventh Circuit that deliberate indifference in the denial or delay of medical care requires evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). The Seventh Circuit considers the following to be indicia of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "presence of a medical condition that significantly affects an individual's daily activities"; or (4)

"the existence of chronic and substantial pain[.]" *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. A defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

### a. Side Effects of Medication

Defendant Dr. Venerio Santos prescribed Plaintiff the high blood pressure medication Enaril, which caused side effects of constipation, coughing, and headaches. Dr. Santos also prescribed the high blood pressure medication hydrodiuril, which gave Plaintiff headaches and an upset stomach and as a result required Plaintiff to take Prilosec regularly. Finally, Dr. Santos prescribed cholesterol medication that caused Plaintiff to experience excessive gas, dizziness, upset stomach, occasional high fever, and weakness.

Plaintiff's high blood pressure and high cholesterol could result in serious complications if left untreated. Since Plaintiff received medication for both conditions, a physician found the conditions worthy of treatment. Accordingly, Plaintiff has pleaded facts that implicate the objective prong of deliberate indifference.

However, Plaintiff fails to allege facts indicating whether Dr. Santos knew of the adverse effects caused by Plaintiff's prescriptions. Moreover, Dr. Santos's prescription of medication show he acted to treat Plaintiff's serious medical conditions. Plaintiff has failed to state a claim

upon which relief can be granted and this claim against Defendant Santos must be dismissed with prejudice.

  b. **Refusal to Provide Vitamins and Lotion**

  Plaintiff asked Dr. Santos to prescribe vitamins and A & D ointment. Dr. Santos refused, informing Plaintiff these items could be purchased at the commissary. Plaintiff has had several rashes and previously had a prescription for the ointment while he was housed at Dixon Correctional Center. Plaintiff needed the vitamins for Plaintiff's vomiting, which was caused by his medication

  Plaintiff's past prescription for ointment show a physician found Plaintiff's rash worthy of treatment. Plaintiff's excessive vomiting could also be considered a serious medical condition. Accordingly, Plaintiff pleaded facts that implicate the objective prong of a claim for deliberate indifference.

  Yet, Plaintiff fails to plead facts indicating Dr. Santos acted with deliberate indifference towards Plaintiff's serious medical condition. Although Dr. Santos refused to prescribe the vitamins and ointment to Plaintiff, he did advise Plaintiff where Plaintiff could get the vitamins and ointment. Plaintiff simply disagreed with Dr. Santos's medical advice. However, a mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable

measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  Plaintiff has failed to state a claim upon which relief can be granted and this claim against Defendant Santos must be dismissed with prejudice.

    **c. Foot Pain**

Plaintiff experienced foot pain in October 2009 and underwent surgery on his right foot to remove a growth.  Dr. Santos prescribed only ibuprofen for the pain, and refused to order an insole to alleviate Plaintiff's pain.

Plaintiff's foot pain can be considered a serious medical condition because Plaintiff actually received surgery to remove the growth.  However, Plaintiff fails to plead facts that show Dr. Santos acted with deliberate indifference to Plaintiff's medical needs.  Although Plaintiff clearly disagrees with Dr. Santos's course of treatment, a mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment.  See *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).  The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).  Plaintiff has failed to state a claim upon which relief can be granted and this claim against Dr. Santos must be dismissed with prejudice.

### d. Delay of Treatment

When Plaintiff was diagnosed with a torn tendon, he "was forced to come back and forth" from the infirmary for ninety days (Doc. 1, p. 4). Finally, after filing a grievance, Plaintiff saw an orthopedic specialist who told Plaintiff he needed surgery the next day. Yet due to "another process which [Plaintiff did not] know of," Plaintiff received the surgery a week later (Doc. 1, p. 4).

A delay in providing medical treatment "may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (discussing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *Gayton v. McCoy,* 593 F.3d 610, 619 (7th Cir. 2010).

Plaintiff indicates Dr. Santos failed to provide treatment after determining Plaintiff had a torn tendon. Plaintiff continued to experience pain in the affected area for ninety days as a result, until he filed a grievance that yielded a visit to an orthopedic specialist. However, Plaintiff still received the necessary treatment. Though Plaintiff did experience pain while awaiting his operation, there is no indication that the delay worsened Plaintiff's condition. Plaintiff fails to state a claim for which relief can be granted. Plaintiff's claim shall be dismissed with prejudice.

Though Plaintiff states that even after seeing the orthopedic specialist, his surgery was delayed for another week, Plaintiff fails to indicate who caused the delay and whether it was intentional. Plaintiff fails to state a claim for which relief can be granted. Plaintiff's claim shall be dismissed with prejudice.

### e. Denial of Physical Therapy

After Plaintiff's surgery, he learned his tendon had been two inches too short and the surgeon had stretched the tendon to reattach it. Plaintiff required physical therapy, but never received any therapy. When Plaintiff returned to the orthopedic surgeon, the surgeon advised Plaintiff to try working out and doing two arm exercises. However, the exercises caused Plaintiff's arm and shoulder to hurt. Unnamed staff prevented Plaintiff from returning to the orthopedic specialist.

*Even if* Plaintiff's need for therapy constitutes a serious medical need, Plaintiff has once again failed to implicate the subjective prong of a claim for deliberate indifference. Although Plaintiff did not receive physical therapy, the orthopedic surgeon advised Plaintiff to work out with small weights and try certain exercises. Accordingly, the surgeon effectively provided Plaintiff with basic therapy instruction. Once again here, a mere disagreement with a physician's chosen course of an inmate's medical treatment does not amount to deliberate indifference under the Eighth Amendment. See *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Though Plaintiff experienced pain due to the exercises, it is not uncommon for patients to experience pain during rehabilitation. Plaintiff has failed to state a claim for which relief can be granted. The claim is dismissed with prejudice.

**Count 2 – Grievances**

Plaintiff entered into a "false contractual agreement" with Defendant Gina Feazel, which hindered Plaintiff's ability to file grievances (Doc. 1, p. 4). In October 2010, Feazel and Defendant Warden Robert Hilliard told Plaintiff if he withdrew several grievances, then the issues complained of would improve. Also, Feazel threatened Plaintiff, wrote false IDR tickets on Plaintiff, and took his television. Plaintiff appealed to Defendant Brad J. Robert to assign Plaintiff's grievances to a

different officer.  However, Robert instead assigned Feazel as Plaintiff's counselor, giving her access to all of Plaintiff's grievances.  Defendant Sherry Benton, who oversees and investigates inmate grievances, failed to grant Plaintiff's requested relief. Finally,  Defendant Kim Marlow hindered Plaintiff's ability to file grievances.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).  Plaintiff fails to state a constitutional claim regarding either his broken contractual agreement or Defendants Benton's and Marlow's denials of his grievances.  Plaintiff's claims against Defendants Feazel, Hilliard, Robert, Benton, and Marlow shall be dismissed with prejudice.

**Count 3 – Lack of Hygiene Products**

According to Plaintiff, Defendant Dewayne Edler failed to provide adequate hygiene products to Plaintiff.  As a result, Plaintiff had to sell items from his food tray to acquire the products.

The deprivation of essential hygiene items may leave a prisoner exposed to the elements, or unable to care for his most fundamental needs, and thereby put his health in jeopardy.  At that point, a constitutional right may be implicated.  In *Harris v. Fleming*, 839 F.2d 1232 (7th Cir. 1988), the Seventh Circuit considered an inmate's claim that he was denied toilet paper for five days and denied soap, a toothbrush and toothpaste for ten days, while "he was kept in a filthy, roach-infested cell." *Id.* at 1234.  The *Harris* Court found that Plaintiff experienced considerable

unpleasantness but not physical harm. *Id.* at 1235. Accordingly, the *Harris* Court held the conditions did not rise to the level of an Eighth Amendment violation.

Here, Plaintiff does not allege a deprivation of hygiene products. Rather, Plaintiff disagrees with the quantity of products provided. Plaintiff's claim against Defendant Edler for deprivation of hygiene products shall be dismissed with prejudice.

**Count 4 – Deprivation of Property**

Plaintiff claims he is indigent and thus exempt from paying medical and dental co-payments. Yet Defendant Mark Beckman charged Plaintiff's account for these payments and also charged Plaintiff $260.00 for a restitution payment. According to Plaintiff, Beckman continues to wrongly charge Plaintiff's account. Additionally, Defendant Lynette Colvis is the reason Plaintiff's account was wrongly charged $197.39 for a restitution payment to Menard.

The only possible constitutional right implicated by these facts is Plaintiff's Fourteenth Amendment right to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must assert a deprivation of liberty or property without due process of law; but if the state provides an adequate remedy, Plaintiff has *no* civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Plaintiff's claims against Beckman and Colvis are dismissed with prejudice. *See McGinnis*, 5 F.3d at 1037 ("In sum, we hold that

because the state of Illinois provides [plaintiff] with an adequate postdeprivation remedy, [plaintiff's] due process rights were not violated when Stateville officers confiscated and destroyed his property in violation of IDOC regulations.")

**Defendant John Doe**

Plaintiff names Defendant John Doe in the caption of his complaint, but fails to reference a John Doe anywhere in the body of the complaint.  In general, courts must liberally construe a *pro se* plaintiff's complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, a *pro se* plaintiff must make some reference to a named defendant in the body of the complaint. *Myles v. United States*, 416 F.3d 551, 553 (7th Cir. 2005). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Here, since Plaintiff makes no reference to John Doe in the body of the complaint, Plaintiff has not adequately stated a claim against John Doe.  Defendant John Doe shall be dismissed from this action without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1(a)**, **1(b)**, **1(c)**, **1(d)**, and **1(e)** fail to state a claim upon which relief may be granted, and thus are **DISMISSED with prejudice**. **COUNTS 2** and **3** fail to state a claim upon which relief may be granted and are **DISMISSED with prejudice**. **COUNT 4** is **DISMISSED with prejudice.**  Defendant **JOHN DOE** is **DISMISSED** from this action **without prejudice**.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011).

The Clerk of the Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED:** August 16, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge